UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM CLIFTON LEWIS,

        Plaintiff,

  v.                                     Case No. 09-C-330

MR. D. C. NORTON,

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff William C. Lewis, who is proceeding pro se, filed this federal lawsuit to enjoin Defendant D. C. Norton, an official with the United States Department of Veterans Affairs ("VA"), from recouping compensation Lewis received while incarcerated. Plaintiff claims that the regulation requiring recoupment is an unconstitutional bill of pains and penalties, and is effectively an *ex post facto* law. Plaintiff is currently incarcerated at Waupun Correctional Institution.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. Though Lewis made a motion for leave to proceed *in forma pauperis*, he has since paid the full $350.00 filing fee, so his motion will be denied as moot.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

When a court determines it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see also Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) ("Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself.")

Lewis seeks to enjoin the Defendant, a manager at the VA's Milwaukee Service Center, from recouping some of the compensation he has received while serving a term of imprisonment for his felony conviction. Lewis claims he notified the VA of his conviction on June 21, 1971. He alleges that the agency has indicated its intent to decrease the amount of compensation he receives

2

under 38 C.F.R. § 3.665(c)(3), which provides for a limitation on the amount of compensation available to veterans who were incarcerated for a felony on October 7, 1980 and remain incarcerated for the felony conviction as of December 27, 2001.[1]  His concern is that because this reduction would be retroactive, he would be liable to have $4,606.87 of his future compensation recouped by the VA.  Lewis asserts that retroactive application of 38 C.F.R. § 3.665(c)(3) would violate the *Ex Post Facto* Clause of the Constitution and would constitute a prohibited bill of pains and penalties.

The Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988) (codified as amended in scattered sections of 38 U.S.C.), established a Court of Veterans Appeals to provide judicial review of final decisions of the VA.  Though the federal district courts are granted broad federal question jurisdiction, 28 U.S.C. § 1331, with passage of the VJRA Congress attempted to limit the jurisdiction of the district courts to hear cases arising out of veterans benefits claims.  38 U.S.C. § 511(a); *Murrhee v. Principi*, 364 F. Supp. 2d 782, 787 (C.D. Ill. 2005).  Congress has provided an exclusive mechanism for challenges to VA regulations connected to a specific benefits claim, as the claimant must proceed through the appeals process created by the VJRA with the Board of Veterans' Appeals, then the Court of Veterans Appeals, and finally, the Federal Circuit Court of Appeals.  38 U.S.C §§ 7104, 7252, 7292.[2]

Prior to passage of the VJRA, in *Johnson v. Robinson*, 415 U.S. 361 (1974), the Supreme Court addressed the extent to which the VA's jurisdictional framework of 38 U.S.C. § 211(a), the precursor to § 511(a), precluded judicial review of agency decisions concerning benefits.  The Court

---

[1] The statutory authority for 38 C.F.R. § 3.665 is 38 U.S.C. § 5313.

[2] In addition to the avenue of review made possible by the VJRA, judicial scrutiny of actions of the Secretary of the VA is available in the Federal Circuit Court of Appeals.  38 U.S.C. § 502.

3

held that the statute did not preclude district courts from entertaining facial constitutional challenges to acts of Congress affecting benefits. 415 U.S. at 373-74. As the Eleventh Circuit has noted, however, "[i]n the wake of the VJRA, the vitality of the *Johnson* holding with respect to the jurisdiction of district courts to entertain facial constitutional attacks on veterans' benefits *legislation* (as opposed to the implementing rules and regulations) is debatable." *Hall v. U.S. Dept. Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996); *see also Murrfee*, 364 F. Supp. 2d at 789 ("[T]his Court concludes that it can exercise subject matter jurisdiction over only one type of challenge to veterans' benefits claim, the facial constitutional challenge to the veterans' benefits statutes themselves.")

Here, Lewis attacks the same regulation as the plaintiff in *Hall*, 38 C.F.R. § 3.665. Although the court in *Hall* affirmed the district court's dismissal of the complaint for want of subject matter jurisdiction, the complaint did not present a constitutional challenge to the regulation, as the plaintiff attempts to do in this case. Even so, I find the reasoning of the court in *Murrfee* persuasive and conclude that the framework of the VJRA requires Lewis to bring his claim regarding the constitutionality of the regulation elsewhere and that this court lacks subject matter jurisdiction to entertain the complaint. This action will therefore be dismissed for lack of subject matter jurisdiction.

Even though I dispose of this matter on a jurisdictional basis, Lewis' contention that the regulation is a constitutionally infirm *ex post facto* law is so feeble I find the complaint fails to state a claim. Article I, Section 9, Clause 3 of the Constitution provides: "No Bill of Attainder or ex post facto Law shall be passed."

4

> [T]he *ex post facto* prohibition [] forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred. Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.

*Weaver v. Graham*, 450 U.S. 24, 30 (1981).

In addition to his claim that the regulation is an *ex post facto* law, Lewis asserts the regulation is a bill of pains and penalties. "At common law, bills of attainder often imposed the death penalty; lesser punishments were imposed by bills of pains and penalties. The Constitution proscribes these lesser penalties as well as those imposing death." *Selective Serv. Sys. v. Minn. Public Interest Research Group*, 468 U.S. 841, 853 (1984) (citing *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 323 (1866)). Like the prohibition against *ex post facto laws* and bills of attainder, the prohibition against bills of pains and penalties is one against the illegal imposition of punishment. *See Flemming v. Nestor*, 363 U.S. 603, 613 (1960) (to show that an act is an *ex post facto* law or a bill of attainder, the act must be validly characterized as punishment in the constitutional sense).

The prohibitions on *ex post facto* laws, bills of attainder and bills of pain and penalties apply not only to statutes but also to the regulations of the administrative agencies made under authority delegated to them by the legislature, as "[t]he legislature should not be allowed to do indirectly what it is forbidden to do directly." *Prater v. U.S. Parole Comm'n*, 802 F.2d 948, 954 (7th Cir. 1986).

Lewis fails to state a constitutional claim regarding the reduction and recoupment of his VA compensation because this is merely the denial of a noncontractual benefit, which does not evidence an intent to punish in a fashion prohibited by the *Ex Post Facto* Clause. *See Fleming*, 363 U.S. at

617 (the mere denial of a noncontractual government benefit, absent evidence of a congressional intent to punish, is not illegally-imposed punishment); *see also Jensen v. Heckler*, 766 F.2d 383, 386 (8th Cir. 1985) (per curiam) (statute which suspends payment of social security benefits to incarcerated felons not involved in a rehabilitation program was "neither an ex post facto law nor a bill of attainder because the suspension of a noncontractual benefit cannot be considered a punishment."), *cert. denied*, 474 U.S. 945 (1985).

In a case in which the plaintiff challenged a similar regulation that denied VA pension payments to incarcerated beneficiaries, 38 C.F.R. § 3.666, the Court of Veterans Appeals held that neither the regulation nor its implementing statute were *ex post facto* laws prohibited by the Constitution as the restriction on payment of the benefit was not punishment. *Latham v. Brown*, 4 Vet. App. 265, 268-69 (Vet. App. 1993) (citing *Jensen*, 766 F.2d at 386), *aff'd* 11 F.3d 1070 (Fed. Cir. 1993) (unpublished table decision)); *see also Hall v. West*, 217 F.3d 860, 1999 WL 1072252, * 1 (Fed. Cir. 1999) (unpublished per curiam decision) ("Since withdrawing VA benefits does not constitute punishment, the instant statute [38 U.S.C. § 5313(a)] and its implementing regulation [38 C.F.R. § 3.665] are not illegal bills of attainder [or] *ex post facto* laws . . . ."). I find an alternate basis for dismissing this case, as Lewis fails to state a claim because the retroactive reduction of his VA compensation by operation of 38 C.F.R. § 3.665 is not punishment in the constitutional sense.[3]

---

[3]Though I find an alternate basis to dismiss this matter, as this matter is dismissed for a lack of subject matter jurisdiction, Lewis does not incur a "strike" under 28 U.S.C. § 1915(g).

This action is **DISMISSED** for lack of subject matter jurisdiction. Lewis' "Motion for Temporary Restraining Order and Preliminary Injunction, and Perpetual Injunctive Relief" [Doc. # 3] is **DENIED**. The motion for leave to proceed *in forma pauperis* [Doc. # 2] is **DENIED** as moot.

**SO ORDERED** this   16th   day of April, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

7